IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER SCOTT HAUGHTON,<br><br>Plaintiff,<br><br>vs.<br><br>REGISTRAR NICOLA COLBRAN, RETIRED JUSTICE RICHARD WHITE, JOHN SHANAHAN,<br><br>Defendants. | CIV. NO. 23-00045 RT-NONE<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S CORRECTED REQUEST FOR DEFAULT JUDGMENT AND TO DISMISS COMPLAINT |

**FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S CORRECTED REQUEST FOR
DEFAULT JUDGMENT AND TO DISMISS COMPLAINT**

On March 14, 2023, Plaintiff Peter Scott Haughton ("Plaintiff") filed a *Request for Default Judgment Pursuant to Rule 55b of the Federal Rule of Civil Procedure* ("Original Motion" or "Motion for Default Judgment").  ECF No. 17. On March 16, 2023, Plaintiff filed a *Corrected Request for Default Judgment Pursuant to Rule 55b (1) Federal Rule of Civil Procedure* ("Corrected Motion for Default Judgment" or "Corrected Motion").  ECF No. 18.  It appears that Plaintiff intended the *Corrected Motion* to replace the *Original Motion*.  The two filings are virtually identical, and the *Corrected Motion* does not incorporate the *Original Motion* by reference.  Accordingly, the *Original Motion* shall be disregarded, and

the *Corrected Motion for Default Judgment* shall be treated as the operative motion.

The Court elects to decide the *Corrected Motion for Default Judgment* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules").

After careful review of the *Corrected Motion*, *Amended Complaint*, docket in this case and applicable law, the Court **FINDS** that the *Corrected Motion for Default Judgment* should be **DENIED**, venue is improper, and this Court lacks subject matter jurisdiction. Based on the lack of federal question jurisdiction, the Court **RECOMMENDS** that the *Amended Complaint* be **DISMISSED** without prejudice and without leave to amend.

## BACKGROUND

Plaintiff commenced this action on January 26, 2023 by filing a *Complaint for a Civil Case* against Defendants Registrar Nicola Colbran, Retired Justice Richard White and John Shanahan. ECF No. 1. On February 3, 2023, Plaintiff filed an *Amended Complaint for a Civil Case* ("Amended Complaint"). ECF No. 11. In the *Amended Complaint*, Plaintiff claims this Court has federal question jurisdiction and cites the "International Covenant on Civil and Political Rights [("ICCPR")] in force in both Australia and the United States of America and the

Alien Tort Statute 1876 [("ATS")]" as the basis for jurisdiction. *Id.* at 34. Plaintiff alleges that all defendants are citizens of Australia. *Id.*

Plaintiff alleges that on June 8, 2021, in Australia, Defendant Nicola Colbran, the Registrar of the Federal Court of Australia, issued a sequestration order under the Bankruptcy Act 1966 against Plaintiff. *Id.* at 35. Plaintiff claims that under Australian law, the Registrar had issued an unlawful sequestration order. *Id.* Plaintiff argues that under Article 9 of the ICCPR, "arbitrary orders by any one person against another in both the United States of America and the Commonwealth of Australia" are prohibited. *Id.* However, Plaintiff did not allege how the United States is involved in this case.

Plaintiff alleges that Defendant Justice Richard White, a judicial officer of the Federal Court of Australia, reviewed the Registrars decision and did not set aside the Registrar's decision. *Id.* at 36. Plaintiff claims that Defendant Justice Richard White's decision injured Plaintiff. *Id.*

Plaintiff alleges that Defendant John Shanahan is a bankruptcy trustee and is required to take account of the dealings between Plaintiff and the petitioning creditor. *Id.* at 37. It is not clear what Plaintiff alleges against Defendant Shanahan, but it appears that Plaintiff is alleging that Defendant Shanahan failed to perform his duties as bankruptcy trustee. *Id.*

Plaintiff seeks monetary damages against all the defendants. Although the *Amended Complaint* does not indicate Plaintiff's citizenship, Plaintiff lists an Australian address as his residence. *Id.* at 31. Notably, the *Amended Complaint* does not allege that any of the defendants violated any laws or treaty of the United States or that any of the alleged violations occurred within the United States. The Amended *Complaint* also does not allege that any of the defendants committed discrimination against Plaintiff based on the categories listed under the ICCPR.

On March 1, 2023, Plaintiff filed proofs of service indicating that Defendant John Shanahan was personally served on February 7, 2023 (ECF No. 12); Defendant Richard White was personally served on February 22, 2023 (ECF No. 13); and an individual designated by law to accept service of process on behalf of Defendant Nicola Colbran was served on February 7, 2023 (ECF No. 14). The Proofs of service does not indicate whether the *Complaint* or *Amended Complaint* was served on the defendants.

On March 2, 2023, Plaintiff filed a *Request for Clerk's Certificate of Entry of Default*. ECF No. 15. On March 3, 2023, the Clerk entered default as to defendant John Shanahan only. On March 14, 2023, Plaintiff filed a *Motion for Default Judgment*. ECF No. 17. On March 16, 2023, Plaintiff filed a *Corrected Motion for Default Judgment*, and requested to Court to enter default judgment against defendant John Shanahan only.

# DISCUSSION

Plaintiff is proceeding pro se and thus, the Court is required to construe Plaintiff's pleadings liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). However, even construing the facts in the *Amended Complaint* liberally and without ruling on the merits of the claims, the Court cannot find that (1) there is no just reason for delay and that final judgment should be entered against fewer than all claims and parties; (2) venue is proper; and (3) this Court has subject matter jurisdiction.

## A. Rule 54(b) of the Federal Rules of Civil Procedure

In this case, the *Corrected Motion* requests that the Court enter default judgment against defendant John Shanahan and all claims against that defendant. Plaintiff does not seek default judgment against any of the two remaining defendants or claims against them. In order for the Court to find that default judgment is appropriate against John Shanahan alone, the Court must find that there is no just reason to delay judgment against this one party. Rule 54(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") provides in relevant part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but **fewer than all**, claims or parties only if the court expressly determines that **there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or

the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

*Id.* Plaintiff has not made any argument why the Court should enter default judgment against defendant John Shanahan alone and all claims against him, or why the Court should find there is no just reason for delay for such a piecemeal ruling. Based on the facts on this case, the Court cannot find that "there is no just reason for delay." *Id.* Accordingly, Plaintiff's request for default judgment against defendant John Shanahan should be **DENIED**.

    B.    <u>**Improper Venue**</u>

The Court finds that Plaintiff has not alleged any fact that shows that venue is proper in this case. Under 28 U.S.C. § 1391(b), a civil action may be filed in:

(1)    A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)    A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3)    If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* According to the *Complaint*, all defendants reside in Australia, and it appears that a substantial part of the events giving rise to the Plaintiff's claims arose in Australia. Under the facts alleged, it does not appear that any of the events

occurred in the United States. Thus, sections (1) and (2) do not apply. Section (3) also does not apply. There is no district in which this action could be brought, and there is no evidence that any of the defendants in this case are subject to the personal jurisdiction of any court in the United States. *See infra* Part C. Accordingly, the Court sua sponte raises the issue of improper venue. *See Smith v. United Parcel Service*, 2014 WL 2115154, Civ. No. 14-00229 JMS-RLP, at n. 4 (D. Haw. May 21, 2014) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)) ("district court had the authority to raise the issue of defective venue on its own motion").

However, the Court need not reach whether Plaintiff should be provided with the opportunity to consider whether venue is proper in the District of Hawaii or to address this issue as this Court finds that this case should be dismissed for lack of subject matter jurisdiction. Nevertheless, if the district court elects to permit Plaintiff leave to amend the *Amended Complaint*, this Court recommends that the district court should also direct Plaintiff to address and respond to the issue of venue.

C. **Lack of Subject Matter Jurisdiction**

This Court finds that it lacks subject matter jurisdiction over this case. "A judge . . . may dismiss an action sua sponte for lack of jurisdiction." *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981) (citing

*California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)). "[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial and frivolous." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

In this case, the *Amended Complaint* alleges that this Court has subject matter jurisdiction pursuant to federal question in that Plaintiff's claims arises under ICCPR and ATS.  ECF No. 11 at PageID.34.  First, Plaintiff fails to state a viable claim under the ICCPR.  The Ninth Circuit has found:

> For any treaty to be susceptible to judicial enforcement it must both confer individual rights and be self-executing. *Cornejo v. County of San Diego*, 504 F.3d 853, 856 (9th Cir. 2007).  A treaty is self-executing when it is automatically enforceable in domestic courts without implementing legislation. *See Medellin v. Texas*, 552 U.S. 491, 504-05 & n.2 (2008); *Khan v. Holder*, 584 F.3d 773, 783 (9th Cir. 2009).  The ICCPR fails to satisfy either requirement because it was ratified on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004).

*Serra v. Lappin*, 600 F.3d 1191, 1196-1197 (9th Cir. 2010) (internal quotation marks omitted).  Because claims under the ICCPR are not self-executing, such claims are not enforceable in federal courts.  Thus, Plaintiff has no federal judicial claim under ICCPR and thus, Plaintiff's ICCPR claims are both wholly

8

insubstantial and frivolous. Plaintiff's ICCPR claims do not create a basis for subject matter jurisdiction in this case.

Second, Plaintiff also fails to state a claim under ATS and fails to establish that the ATS applies in this case. "ATS is a jurisdictional statute creating no new causes of action." *Sosa*, 542 U.S. at 694. "The ATS grants to the district courts 'original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.'" *Serra*, 600 F.3d at 1197-1198 (citing 28 U.S.C. § 1350).

> [W]hile the ATS provides federal jurisdiction for a modest number of international law violations recognized by the common law, *Jara v. Nunez*, 878 F.3d 1268, 1270 (11th Cir. 2018) (quoting Sosa, 542 U.S. at 724), **claims brought under the ATS must touch and concern the territory of the United States** . . . **with sufficient force to displace the presumption against extraterritorial application**. *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124-25 (2013) (citation omitted). This presumption serves to protect against unintended clashes between our laws and those of other nations which could result in international discovered. *Id*. at 115 (citation omitted).

*Cooper v. Courtney*, Civ. No. 23-00106 JAO-KJM, 2023 WL 2276766, at *1 (D. Haw. Feb. 28, 2023) (internal quotations omitted) (emphasis added). The *Amended Complaint* does not allege that any of the conduct of defendants occurred in the United States. It appears that all facts relate to or are associated with the Australian Court system, a bankruptcy proceeding in Australia and a related appeal in Australia. Because the conduct giving rise to Plaintiff's claims occurred in Australia, Plaintiff's claim under the ATS does not touch and concern the territory

of the United States. "[A] federal court may not exercise jurisdiction under the [ATS] when all of the defendant[s'] relevant conduct took place outside the United States." *Jara v. Nunez*, 878 F.3d at 1270. Accordingly, the Court finds that Plaintiff's claims under ATS are both wholly insubstantial and frivolous.

Upon close review, it appears that Plaintiff merely included the ICCPR and ATS to obtain federal question jurisdiction. Because both the ICCPR and ATS do not apply to any of the allegations in the *Amended Complaint*, this Court lacks federal question jurisdiction in this case. The Court thus sua sponte recommends that the *Amended Complaint* be **DISMISSED** without prejudice for lack of subject matter jurisdiction.

### D. Dismissal Should be Without Leave to Amend

This Court finds that dismissal of the *Amended Complaint* should be without leave to amend. It is clear from the facts alleged in the *Amended Complaint* that the *Amended Complaint* "[cannot] be saved by any amendment." *In re Jones*, 270 Fed. Appx. 537, 538 (9th Cir. 2008) (citing *Livid Holdings v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005)). The facts supporting Plaintiff's claims took place in Australia, and the judicial proceedings that are central to Plaintiff's claim took place in Australia. It does not appear that Plaintiff can allege any facts that would touch and concern the United States of America. Accordingly, leave to amend should not be granted.

## CONCLUSION

Based on the foregoing, the Court **FINDS** that the *Corrected Motion for Default Judgment* (ECF No. 18) is the operative motion and that the *Motion for Default Judgment* (ECF No. 17) should be disregarded.  The Court **RECOMMENDS** that the *Corrected Motion for Default Judgment* be **DENIED**.

The Court **FINDS** that venue is improper but **DOES NOT RECOMMEND** that the district Court dismiss this action based on venue.  However, should the district court permit leave to amend the *Amended Complaint*, this Court **RECOMMENDS** that the district court direct Plaintiff to address and respond to the issue of venue.

The Court also **FINDS** that it lacks subject matter jurisdiction and **RECOMMENDS** that the *Amended Complaint* be dismissed without prejudice and without leave to amend.

The telephonic hearing on the *Corrected Motion* scheduled for May 4, 2023 at 11:00 a.m. is **VACATED.**

Due to the lack of full consent of the parties pursuant to 28 U.S.C. § 636(c), the Clerk of the Court is directed to **REASSIGN** this case to a district judge.

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 5, 2023.



Rom A. Trader
United States Magistrate Judge

___

Civ. No. 23-00045 RT-NONE; *Peter Scott Haughton vs. Registrar Nicola Colbran*;  Findings and Recommendation to Deny Plaintiff's Corrected Request for Default Judgment and to Dismiss Complaint